(Reap. Dec. 10252)

QUON QUON COMPANY v. UNITED STATES

Entry No. DE–16494, etc.

(Decided May 15, 1962)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*James F. O'Hara*, trial attorney), for the defendant.

655

DONLON, Judge: On call of these cases at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entries in the appeals for reappraisement listed in schedule A, attached to and made a part of this decision, was entered in part before and in part after February 27, 1958, the effective date of the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat. 943, T.D. 54165. The cases were submitted on a further written stipulation of counsel for the parties, which was filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that on or about the dates of exportation to the United States of the footwear (tabis, zoris, etc.), covered by the Three Star Trading Co. invoices and entries the subject of the Appeals for Reappraisement enumerated in the Schedule of Cases attached hereto and made a part hereof, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States was the ex factory unit values as invoiced plus the f.o.b. charges, but not including the buying commission.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule are limited to Three Star Trading Co. invoices and abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that there were no higher foreign values for merchandise such as or similar to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases on the dates of exportation thereof to the United States.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402 of the Tariff Act of 1930, effective on the dates the merchandise was entered or withdrawn from warehouse for consumption, is the proper basis for determination of the values of the merchandise, covered by the entries in these appeals for reappraisement, described on the invoices of the Three Star Trading Co., as footwear, with or without qualifying words, and that such values of the respective items of footwear are the ex-factory unit invoice values, plus the f.o.b. charges, but not including buying commission, all as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, these appeals for reappraisement, having been abandoned, are dismissed.

Judgment will be entered accordingly.